UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SALVADOR RODRIGUEZ, | § § | |
| *Plaintiff*, | § § | EP-16-CV-00186-DCG |
| v. | § § | |
| IC SYSTEM, | § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court are Plaintiff Salvador Rodriguez's ("Plaintiff") "Motion to Voluntarily Dismiss His Complaint Pursuant to F.R.C.P. 41(a)(2)" (ECF No. 23) ("Motion to Dismiss") and "Memorandum of Law/Brief in Support of His Motion to Voluntarily Dismiss His Complaint Pursuant to F.R.C.P. 41(a)(2)" (ECF No. 23-6) ("Brief in Support of Motion to Dismiss") filed on March 7, 2017. Plaintiff brought this lawsuit alleging that Defendant IC System[1] ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"). In his Motion to Dismiss, Plaintiff requests the Court to dismiss this case with prejudice, each side bearing its own costs and fees. Mot. to Dismiss at 1, ECF No. 23.

Plaintiff filed the Motion to Dismiss shortly after Defendant filed its "Motion for Summary Judgment" (ECF No. 19) on February 21, which is also pending. Defendant filed a "Response to Plaintiff's Motion to Voluntarily Dismiss His Complaint" (ECF No. 26) ("Response to Motion to Dismiss"); therein, Defendant requests the Court to deny Plaintiff's Motion to Dismiss, grant its Motion for Summary Judgment, and allow it to seek its costs and expenses. Resp. to Mot. to Dismiss at 12. Plaintiff followed by filing a "Reply in Support of His

---

[1] Although Plaintiff's complaint names Defendant as "IC System," *see* e.g., First Am. Compl. at 1, ECF No. 13, Defendant indicates that its proper name is "I.C. System, Inc.," *see* Def.'s Am. Answer at 1, ECF No. 20.

Motion to Voluntarily Dismiss His Complaint Pursuant to F.R.C.P. 41(a)(2)" (ECF No. 29) ("Reply in Support of Motion to Dismiss"). For the reasons that follow, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion to Dismiss, and consequently, **DENIES AS MOOT** Defendant's Motion for Summary Judgment.

## I. DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) provides, in relevant part, that after a defendant files an answer or a motion for summary judgment "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). The purpose of authorizing the court to condition a voluntary dismissal on proper terms is "to prevent unfair prejudice to the other side in the case." *In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). "Voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of the district court." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990).

Courts have taken different approaches depending on whether the voluntary dismissal is sought with or without prejudice. Motions for voluntary dismissal without prejudice "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002); *see also, e.g., United States ex rel. McLain v. Fluor Enters., Inc.*, No. 06-11229, 2016 WL 1031324, at *3 (E.D. La. Mar. 15, 2016) ("[M]any courts have taken the position that dismissals without prejudice generally should be granted by the district court if no prejudicial effects would result for the opposing party."). "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an

imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d at 162–63. Moreover, where a dismissal without prejudice would have caused plain legal prejudice, it is within the discretion of the district court to either deny the motion outright or grant the motion and attach conditions that cure the prejudice. *Elbaor*, 279 F.3d at 317–18; *see also Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 269 (5th Cir. 2012) (finding plain legal prejudice, where the dismissal without prejudice of the suit was intended to avoid an imminent adverse result on summary judgment, and "modify[ing] the district court's judgment to dismiss the suit with prejudice").

However, where a plaintiff seeks dismissal with prejudice, courts generally take a different position. *In re Upd Glob. Res., Inc.*, Nos. H-15-2488, H-15-2717, 2016 WL 3964362, at *23 (S.D. Tex. July 21, 2016); *see also Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) ("The situation is different in the case of a dismissal with prejudice."). "Where . . . a plaintiff's Rule 41(a)(2) motion 'specifically request[s] dismissal *with* prejudice, it has been held that the district court *must* grant that request.'" *United States ex rel. McLain*, 2016 WL 1031324, at *3 (emphasis and alternation in original) (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2367 (3d ed. 2008)); *see also Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 851 (W.D. Mich. 2007) ("It generally is considered an abuse of discretion for a court to deny a plaintiff's request for voluntary dismissal with prejudice." (citing *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964), *cited with approval in Schwarz*, 767 F.2d at 129 & n.5)). This is because "no matter when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed." *Schwarz*, 767 F.2d at 129.

Here, Plaintiff moves for dismissal *with* prejudice. Plaintiff states that while there is a reasonable legal argument that Defendant violated the FDCPA, given that district courts are divided on the issue of whether a particular pattern of calls evidences intent to harass, the potential recovery, and the difficulty of winning at trial, Plaintiff decided not to pursue these claims. Br. in Supp. of Mot. to Dismiss at 2, ECF No. 23-6; Reply in Supp. of Mot. to Dismiss at 5–6, ECF No. 29. He further argues that dismissal with prejudice will terminate his FDCPA claims permanently, and therefore, it will not cause "plain legal prejudice" to defendant. Reply in Supp. of Mot. to Dismiss at 3.

Defendant counters that it has incurred costs and fees in defending the case and would be prejudiced if dismissal is granted. Resp. to Mot. to Dismiss at 5–6. Specifically, it claims that it has colorable "bad faith" claims 15 U.S.C. § 1692k(a)(3), the FDCPA's fee-shifting provision, and further under 28 U.S.C. § 1927. *Id.* at 6. It argues that "it would not be able to assert [these claims] if the voluntary dismissal is granted." *Id.* In the following, the Court addresses each of these claims in turn, and finds Defendant's claims unavailing.

**1. Defendant's Claims for Fees and Costs under 15 U.S.C. § 1692k(a)(3)**

Section 1692k(a)(3) provides, in relevant part: "On a finding by the court that an action under this section was *brought* in *bad faith* and for the *purpose of harassment*, the court *may* award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3) (emphasis added). Thus, in order to receive an award of attorney's fees, a "prevailing defendant must show affirmatively that the plaintiff *brought* the FDCPA claim in bad faith and for the purposes of harassment." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir.), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985). The terms "bad faith" and "harassment" connote "more than simply bad judgment or negligence"; they imply "the

conscious doing of a wrong because of a dishonest purpose or moral obliquity." *Cunningham v. Credit Mgmt., L.P.*, No. 3:09-CV-1497-G, 2010 WL 3791049, at *2 (N.D. Tex. Sept. 27, 2010) (internal quotation marks and citation omitted); *Grant v. Barro*, No. 07-194-JJB-DLD, 2007 WL 3244986, at *1 (M.D. La. Nov.1, 2007) (same). The Court's authority to award attorney's fees and costs under § 1692k is discretionary. *See Thompson v. S & S Recovery, Inc.*, No. 1:12CV77-LG-JMR, 2013 WL 5278022, at *3 (S.D. Miss. Sept. 18, 2013).

Plaintiff states that he brought this case in good faith based on his personal knowledge of the calls he received and on the pattern of repeated calls over a period of months to his telephone, which continued after he told Defendant to stop. Mot. to Dismiss at 1–2. Plaintiff brought this lawsuit on June 3, 2016, alleging that Defendant violated § 1692d,[2] § 1692d(5),[3] and § 1629f[4] of the FDCPA "[w]ithin the one year period preceding the filing of this Complaint, and continuing through August 2015." Compl. ¶¶ 13, 22–26, ECF No. 1; *see also* First Am. Compl. ¶¶ 22–26, ECF No. 13. In a written discovery response served on September 13, 2016, Plaintiff explained that he received two sets of calls from Defendant: (1) calls to collect a debt from a Jose Rodriguez, a third party whom Plaintiff does not know; and (2) calls to collect a separate debt from Plaintiff, asking for him by name, Salvador Rodriguez. Def.'s Exs.[5] at 50, ECF No. 19-2. At the time, Plaintiff's debt was in the amount of $401, which he owed to AT&T for Internet and

---

[2] *See* 15 U.S.C. § 1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt....").

[3] *See* 15 U.S.C. § 1692d(5) ("Without limiting the general application of the foregoing, the following conduct is a violation of this section: ... Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.).

[4] *See* 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt....").

[5] Defendant submitted these exhibits in support of its Motion for Summary Judgment.

phone services. *Id.* at 9, 30. Prior to bringing this lawsuit, on November 19, 2015, Plaintiff called Defendant to settle, and did settle, that debt by making a payment of $300. *Id.* at 3–6, 9, 33. Plaintiff's Complaint, reasonably read, alleges facts regarding the two sets of calls. Compl. ¶¶ 11–12 (calls regarding Plaintiff's own debt); *id.* ¶¶ 14–16 (calls regarding the third-party debt). However, Count I (asserting violations of §§ 1692d and 1692d(5)) and Count II (asserting violations of § 1692f)—the only claims stated in the Complaint—are premised on the third-party calls only. *Id.* ¶¶ 22–26.

Plaintiff's case, however, began to unravel during discovery. On August 9, 2016, Defendant served its Initial disclosures, as part of which it produced its "account history" regarding Plaintiff's debt; the "account history" included a log of the calls Defendant made to Plaintiff regarding that debt. Mot. to Dismiss, Ex. B, ECF No. 23-3. The log shows that Defendant made several calls to Plaintiff at three different phone numbers, including one for his cell phone, between July and August 2015. *Id.* Critically, at his deposition taken on October 12, 2016, Plaintiff testified that he received calls seeking to collect the third-party debt, but that these calls took place earlier than alleged in his Complaint:

> Q. Okay. So, you said besides the call that we went over with I.C. System, you state that they still called you on this Jose Rodriguez debt. Correct?
>
> A. Yes, sir.
>
> . . .
>
> Q. Okay. To the best of your knowledge, what period did you receive these eight calls?
>
> A. It was the time of -- of -- I will say around August time frame, two thousand -- 2015. August, November -- no, no, no. I will -- I will say August 2014 to the time frame of February 2015.

Def.'s Exs. at 42:1–43:3. Defendant argues, therefore, that Plaintiff's claims based on these calls are barred by statute of limitations. Mot. for Summ. J. at 5–6 (citing 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs.")), ECF No. 19. Plaintiff's counsel represents that "[d]uring Plaintiff's deposition . . . was *the first time* Plaintiff mentioned that the telephone calls began in 2014," and believes that "Plaintiff was mistaken" as to the timing of these calls. Br. in Supp. of Mot. to Dismiss at 2 n.1 (emphasis added). Plaintiff's own cell phone records—which Plaintiff obtained from his carrier, T-Mobile US, Inc., on September 17, 2016, in response to a subpoena *duces tecum* issued by Plaintiff—reveals that in August 2015, Defendant made eleven calls to Plaintiff's cell phone, though a few of them went unanswered. Def's Exs. at 26 (provided on a compact disc).

The Court finds that Plaintiff did not bring this lawsuit in bad faith or otherwise for a "dishonest purpose or moral obliquity." *Cf. Grant*, 2007 WL 3244986, at *1. The record evidence shows that Defendant made several calls to Plaintiff between July and August 2015, some of which appear to be regarding Plaintiff's own debt. Plaintiff also testified that he received calls regarding the third-party debt, and there is no evidence that Plaintiff fabricated those calls. It appears that Plaintiff perceived that some of the calls Defendant made between July and August 2015 were for the third party, Jose Rodriguez. *See* Reply in Supp. of Mot. to Dismiss at 4 ("At one point, Plaintiff recalls the Defendant asking for Jose Rodriguez, causing him to think some of the calls were not for him."). Accordingly, it does not appear to the Court that Plaintiff brought this case for any reason other than satisfying a perceived grievance. As such, Defendant's claim under § 1692k(a)(3) is unavailing, and therefore, dismissal of the case with prejudice would not cause any prejudice on this ground.

## 2. Defendant's Claims for Fees and Costs under 28 U.S.C. § 1927

Section 1927, on the other hand, provides, in relevant part: "Any attorney . . . who so multiplies the proceedings in any case *unreasonably* and *vexatiously* may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (emphasis added). "[S]anctions under § 1927 must be predicated on actions that are both 'unreasonable' *and* 'vexatious.'" *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). This requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Id.* "Because § 1927 sanctions are penal in nature, . . . and in order not to dampen the legitimate zeal of an attorney in representing his client, § 1927 is strictly construed." *Travelers Ins. Co. v. St. Jude Hosp., Inc.*, 38 F.3d 1414, 1416–17 (5th Cir. 1994).

In its brief, Defendant primarily recites case law interpreting and applying § 1927, *see* Resp. to Mot. to Dismiss at 10–12, and then concludes, without analysis, that "[c]onsistent with the arguments contained herein," this case would be ripe for appropriate relief under § 1927, *id.* at 12. Elsewhere in its brief, Defendant faults Plaintiff's counsel for not moving for dismissal sooner, in particular, promptly after it served its initial disclosures that included its own call log. *Id.* at 2–3.

Plaintiff's counsel (on behalf of Plaintiff) responds, backed by an affidavit, that counsel served discovery requests on Defendant, seeking to determine how Defendant's records were created and kept, and whether there were additional sources of records that could help clear up the inconsistency between Defendant's record and Plaintiff's testimony. Reply in Supp. of Mot. to Dismiss at 5. Further, once counsel obtained full discovery and determined that there were no

additional records, counsel conferred with Defendant and offered to dismiss the case with prejudice. *Id.*

The Court finds it troubling that Plaintiff's counsel had not moved for dismissal sooner. Defendant produced its call log on August 9, 2016, and Plaintiff's cell phone carrier produced his phone log on September 17. However, Plaintiff's counsel did not review them until November 18. *See* Mot. to Dismiss, Ex. C., ¶ 3, ECF No. 23-4. Meanwhile, Plaintiff testified at his deposition on October 12, which provided clues as to whether Plaintiff had a meritorious, and if so, worthy, claims against Defendant. Moreover, Plaintiff's counsel discussed the strengths and weaknesses of the case with the opposing counsel on December 6, 2016. *Id.* ¶ 4. It seems to the Court that Plaintiff should have moved for dismissal promptly thereafter; instead, Plaintiff waited until after Defendant filed its Motion for Summary Judgment on February 21, 2017, and filed his Motion to Dismiss on the same day (March 7) on which he filed his response to Defendant's motion.

The Court finds that Plaintiff's counsel was, at most, sluggish in prosecuting this case. Nevertheless, it finds that counsel's conduct did not rise to the level of deserving sanctions under 18 U.S.C. § 1927. *Cf. Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995) ("[S]anctions may not be imposed for mere negligence on the part of counsel."). There is no evidence, and Defendant has not pointed to any evidence, of bad faith, improper motive, or reckless disregard of the duty owed to the court. As such, Defendant's claim under § 1927 is unavailing, and therefore, dismissal of the case with prejudice would not cause any prejudice on this ground.

Accordingly, the Court concludes that Plaintiff's Motion to Dismiss should be granted in all respects, except for his request that each side bear its own costs. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than

attorney's fees--should be allowed to the prevailing party."); *Schwarz*, 767 F.2d at 130 ("Because a dismissal with prejudice is tantamount to a judgment on the merits, the defendant . . . is clearly the prevailing party and should ordinarily be entitled to costs."). Defendant may file a proposed bill of costs pursuant to this District's Local Rule CV-54(a).

## II. CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT** Plaintiff Salvador Rodriguez's "Motion to Voluntarily Dismiss His Complaint Pursuant to F.R.C.P. 41(a)(2)" (ECF No. 23) is **GRANTED IN PART and DENIED IN PART**. The Motion is DENIED as to Plaintiff's request that each side bear its costs and GRANTED as to Plaintiff's all other requests.

**IT IS THEREFORE ORDERED** that the above-captioned cause of action is **DISMISSED WITH PREJUDICE** to Plaintiff's right to refile same or any part thereof; that each party **SHALL BEAR** its own fees; and that costs **SHALL BE TAXED** against Plaintiff.

**IT IS FURTHER ORDERED** that Defendant IC System's "Motion for Summary Judgment" (ECF No. 19) and all other pending motions, if any, are **DENIED AS MOOT**.

So ORDERED and SIGNED this 12th day of May 2017.

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**